Joyce STRATTON, Appellant,

v.

AUSTIN INDEPENDENT SCHOOL DISTRICT; and Michael Moses, Commissioner of Education, in His Official Capacity, Appellees.

No. 03–98–00714–CV.

Court of Appeals of Texas,
Austin.

Oct. 7, 1999.

Released for Publication Nov. 12, 1999.

Andrew Ramzel, McGinnis, Lochridge & Kilgre, L.L.P., Houston, for Austin Independent School Dist.

John Cornyn, Atty. Gen., George Warner, Asst. Atty. Gen., Austin, for Michael Moses, Commissioner of Educ.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and YEAKEL.

BEA ANN SMITH, Justice.

Joyce Stratton ("Stratton"), an Austin teacher, appeals the district court's affirmance of an administrative decision by the Austin Independent School District Board of Trustees (the "Board") and Michael Moses, the Commissioner of Education (the "Commissioner"), to not renew her one-year term teaching contract. The district court affirmed the Commissioner's decision (1) that Stratton's one-year term contract did not create a property interest subject to due process protection; (2) that even if she had a property interest, she did receive due process; and (3) that substantial evidence supports the Commissioner's affirmance to not renew her contract. We will affirm the district court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Stratton had worked for Govalle Elementary School since the 1977–78 school year. Most recently she worked under a one-year term contract that expired May 21, 1997. Due to deficiencies in instructional strategies and classroom management, Stratton was first placed on a growth plan for the 1988–89 school year. A growth plan is a remedial measure used to help a teacher improve her skills and performance in areas where she lacks competency. The principal found no reasons to place Stratton on a growth plan again until 1995. At the beginning of the 1995–96 school year, Principal Consuelo Barr placed Stratton on another growth plan for deficiencies in her performance. On March 21, 1996, Stratton failed to arrive to teach her class; the principal had to send

Lorraine J. Yancey, Texas State Teachers Ass'n, Austin, for appellant.

someone to Stratton's house to check on her well-being. The substitute teacher could not find Stratton's roll book, class schedule, substitute-teacher folder, or lesson plan. The students appeared unaware of any classroom routine and did not appear to be working in any assigned textbook. Twice that spring Stratton arrived late without timely notifying school officials. Barr strongly suggested that Stratton take two weeks of personal leave to deal with the issues· that were distracting Stratton from her teaching duties. Reluctantly, Stratton did so. In fact, Barr recommended that Stratton take personal leave for the remainder of the school year, but Stratton refused this suggestion.

For the 1996–97 school year, Barr again assigned Stratton a revised growth plan and took the additional measure of assigning her to a team-teaching position to assist her in improving her instructional and organizational skills. Stratton continued to exhibit performance problems. In February 1997, after Stratton received a performance appraisal of "unsatisfactory," Barr recommended to the superintendent of the Austin Independent School District ("AISD") that Stratton's contract not be renewed due to (1) inefficiency and incompetency in the performance of her duties; (2) failure to comply with official directives from administrative personnel and policy of the district; and (3) failure to meet the requirements of her professional growth plan.

Barr's recommendation did not come as a surprise to AISD officials, as Stratton had had serious performance problems during the final two years of her employment. The Executive Director of Department Personnel, Alfred Williams, acting as the superintendent's designee, informed Stratton of her right to meet with him to discuss the possibility that her contract would not be renewed. Stratton met with Williams on February 20, 1997. After this meeting, the superintendent recommended to the Board that Stratton's contract not be renewed. The Board voted on Febru-

ary 24 to propose nonrenewal in Stratton's case. The superintendent, in a letter dated March 17, informed Stratton that he recommended to the Board that her contract not be renewed and that she had a right to request a hearing before the Board. Stratton did so.

The Board hearing was set for May 1. Before the hearing, AISD provided Stratton with the grounds for the proposed nonrenewal. Without consulting the parties, the Board informed Stratton and the AISD administration that each had one hour to make opening and closing statements, present and cross-examine witnesses, and introduce evidence and that they could submit briefs, memoranda, and documentary evidence for the Board's consideration. At the beginning of the hearing, Stratton protested the one-hour limitation; specifically, she objected to the failure to subtract opening remarks and cross-examination from the time allotted for her presentation.

After stating her objection to the time limit, Stratton began with her opening statement; AISD waived its opening. AISD then began presenting its four witnesses. During Stratton's cross-examination of AISD's second witness, her one hour expired. She never had the opportunity to present her case, in person, before the Board. As soon as her one hour expired, she requested more time. The Board denied this request. Stratton used her allotted one hour towards cross-examining the opposing party's witnesses and making her opening statement. AISD, on the other hand, managed to present its entire case within one hour. At the close of the hearing, the Board decided not to renew Stratton's contract.

Stratton appealed this decision to the Commissioner, claiming that (1) her contract gave her a property interest, subject to due process protection; (2) the Board violated her due process; and (3) the Board's decision was not supported by substantial evidence. After reviewing the case, the Commissioner upheld the Board's

decision not to renew Stratton's contract. Stratton sought judicial review of the Commissioner's decision in the district court. The district court affirmed the Commissioner's decision.

## DISCUSSION

Stratton raises three issues on appeal. First she argues that the Board violated her due process rights. Second, Stratton argues that the decision not to renew her contract was not supported by substantial evidence and was arbitrary, capricious, and unlawful. In her final argument, Stratton urges that the Commissioner violated section 21.304(a) of the Texas Education Code ("Education Code") by failing to make Findings of Fact in support of his Conclusions of Law. *See* Tex. Educ.Code Ann. § 21.304(a) (West 1996).

### Due Process

■ Stratton argues that the Term Contract Nonrenewal Act ("TCNA"), codified by the Education Code, creates a property interest in the renewal of teacher's contracts, thereby granting her the protection of due process. *See* Tex. Educ. Code Ann. §§ 21.201–.213 (West 1996). Claiming that her contract vests her with a protected property interest, she urges that the one-hour time limit in the administrative hearing violated her due process rights. She specifically argues that by limiting the time without first holding a conference with the parties, the Board violated the local AISD policy and thereby denied her due process. *See* AISD Board Policy DDA (Local), § XV(H).

■ The due process clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Absent life, liberty, or property interest, no right to due process exists. *See Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 548 (5th Cir.1989). A person's property interests include actual ownership of real estate, chattels, and money. *See Board of*

*Regents of State Colleges v. Roth*, 408 U.S. 564, 572, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Property rights are created and their dimensions defined by existing rules or understandings stemming from independent sources such as state law. *See Roth*, 408 U.S. at 577, 92 S.Ct. 2701; *Paul v. Davis*, 424 U.S. 693, 711–12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (stating that courts refer to state law in assessing whether property interest exists); *see also Bishop v. Wood*, 426 U.S. 341, 344–46, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (holding that state law determines which state-created interests constitute property). An individual's property interest is protected if he has a legitimate claim of entitlement that is created, supported, or secured by rules or mutually explicit understandings. *See Alford v. City of Dallas*, 738 S.W.2d 312, 316 (Tex.App.—Dallas 1987, no writ); *see also Spring Branch Indep. Sch. Dist. v. Stamos*, 695 S.W.2d 556, 561 (Tex.1985) (noting that a property or liberty interest must find its origin in some aspect of state law).

In a 1993 case, the Texas Supreme Court held that the TCNA requires pre-established reasons for the nonrenewal of a teaching contract and that this substantive limit on the State's discretion is an essential characteristic of a property interest warranting constitutional protection. *See Grounds v. Tolar Indep. Sch. Dist.*, 856 S.W.2d 417, 418 (Tex.1993). In 1995, however, the Texas legislature enacted section 21.204(e) of the Education Code, stating specifically that the TCNA does not provide a property interest in a contract beyond its term. *See* Tex. .Educ. Code Ann. § 21.204(e) (West 1996). The language in section 21.204(e) supersedes the holding in *Grounds*. Stratton has no property interest under Texas law.

■ Stratton complains that by setting a time limitation without first conferring with the parties and by deducting cross-examination from that time, the Board denied her the process she was due. *See*

AISD Board Policy DDA (Local), § XV(H). An agency's failure to follow its own procedural rules governing employment will not create a property interest which otherwise does not exist. *See Alford,* 738 S.W.2d at 316. Under section 21.204(e) of the Education Code, Stratton has no protected property interest in her term contract. *See* Tex. Educ.Code Ann. § 21.204(e). Because Stratton has no protected property interest under state law and because an agency's failure to follow local policy vests no property interest, no right to due process exists. *See Moore,* 871 F.2d at 548. Nevertheless, a one-hour limitation on presenting evidence to preserve one's livelihood offends traditional notions of fairness. We sympathize with her complaint and disapprove of the Board limiting the parties' presentation so severely that the affected teacher was not permitted to present her side for the Board's consideration.[1] Under these circumstances, however, we overrule her first issue.

### Substantial Evidence

In conducting a substantial-evidence review, we determine whether the evidence as a whole is such that reasonable minds could have reached the same conclusion as the agency in the disputed action. *See Texas Educ. Agency v. Goodrich Indep. Sch. Dist.,* 898 S.W.2d 954, 957 (Tex. App.—Austin 1995, writ denied). We may not substitute our judgment for that of the agency and may only consider the record on which the agency based its decision. *See id.; State v. Public Util. Comm'n,* 883 S.W.2d 190, 203 (Tex.1994). The true test is not whether the Board reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the Board. *Public Util. Comm'n,* 883 S.W.2d at 204. The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be

supported by substantial evidence, and the burden is on the contestant to prove otherwise. *Id.*

Stratton does not contest the merits of the decision not to renew her contract. Her sole contention is that she did not receive due process in the hearing before the Board because of the strict time limit placed on the presentation of each party's case. She argues not only that the imposition of this time limit violated the local DDA policy, which required a conference with the parties, but also that by subtracting time used for cross-examination, the Board deprived her of the opportunity to present her case, leaving a record that is incomplete and cannot support the Board's decision.

The administration had the burden of proof, and we find substantial evidence in the record to support the Board's nonrenewal of Stratton's contract. We overrule Stratton's second issue that the evidence is insufficient to support the Board's decision.

### Findings of Fact in the Commissioner's Decision

Stratton argues in her last issue that the Commissioner violated section 21.304(a) of the Education Code because he did not make findings of fact as required by statute. *See* Tex. Educ.Code Ann. § 21.304(a) (West 1996). Throughout the discussion portion of his decision, the Commissioner makes reference to the previous findings of fact and uses the fact findings from the local record to demonstrate that substantial evidence exists to support the Board's action. The question is whether the Commissioner's reference to facts in his discussion of the opinion constitutes substantial compliance with the requirements of section 21.034(a). Substantial compliance has been defined to mean performance of the essential requirements of a statute. *See Harris County Appraisal Dist. v. Krupp Realty Ltd.*

---

1. We note that nowhere in the record do we find any proffer of proof as to what witnesses or testimony Stratton wished to offer.

*Partnership*, 787 S.W.2d 513, 515 (Tex. App.—Houston [1st Dist.] 1990, no writ). A deviation from the requirements of the statute which does not seriously hinder the legislature's purpose in imposing the requirement is substantial compliance. *See id.* From the Commissioner's discussion section, we can clearly discern the facts he used to make his determination and conclude that he substantially complied with the requirements of section 21.304(a). The better practice would be to include the facts from the local record in a specific section titled "Findings of Fact." In the future, the Commissioner's failure to collect the facts in a separate and distinct section may result in a reversal where the facts relied upon are not so clearly discernable.

The Commissioner's findings can be discerned when reviewing his decision. If we are wrong and the Commissioner's failure to explicitly state his own findings or to use more specific language in adopting the findings from the local record can be characterized as error, we cannot say that the error was likely to have led to an erroneous decision by the commissioner. *See* Tex. Educ.Code Ann. § 21.307(g). The Board, the Commissioner, and the district court all found that good cause existed not to renew Stratton's contract.

## CONCLUSION

Having disposed of all three of Stratton's issues, we affirm the district court's judgment affirming the decision of the Commissioner and the Board.