Opinion issued October 31, 2002

 










In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00185-CV






BRIAN D. REESE and JANAN TOMA, Appellants


V.


CITY OF HUNTER'S CREEK VILLAGE, Appellee






On Appeal from the 127th District Court

Harris County, Texas

Trial Court Cause No. 00-62582






O P I N I O N

 Appellants, Brian D. Reese and Janan Toma, received citations for violation
of Municipal Ordinance No. 422 issued by the City of Hunters Creek Village
("City"), which requires bicycle riders to use bike paths and to refrain from using
public streets where adjacent bike paths are provided. Appellants filed the present
action, seeking a declaratory judgment on the unconstitutionality of the ordinance. 
Both parties filed cross-motions for summary judgment and responses to the opposing
motions in the district court. Appellee, City, also subsequently filed a plea to the
jurisdiction and moved to dismiss the suit for lack of subject matter jurisdiction. The
district court granted City's motion to dismiss. Appellants filed this appeal, arguing
that the district court erred by dismissing the suit for lack of subject matter
jurisdiction and by refusing to grant their motion for summary judgment. We affirm. 
 

Background

 City is a municipality in Harris County. In 1987, City enacted Ordinance 422,
which requires bicyclists to use bikepaths and sidewalks instead of public streets. 
The ordinance also authorized the city engineer to erect signs banning bicycles from
the roadway. The ordinance provides that violators "shall be deemed guilty of a
misdemeanor and upon conviction, shall be fined in an amount not to exceed
$200.00." City of Hunter's Creek Village, Tex., Ordinance 422 (1987). Appellant
Reese was issued a citation for riding his bike on a roadway in violation of this
ordinance and for failing to identify himself to a police officer. Appellant Toma was
issued a similar citation. Reese pleaded "no contest" to his citation, and Toma was
convicted in the municipal court. On appeal for a new trial in the county criminal
court, Toma was again convicted of violating the ordinance and was fined $100. 
Appellants challenged the ordinance in the district court of Harris County, seeking
a declaratory judgment that the ordinance was unconstitutionally vague, arbitrary and
capricious, and an unreasonable exercise of police power. Appellants filed a motion
for summary judgment, to which appellee responded and countered with its own
motion for summary judgment. Appellee, City, also later filed a plea to the
jurisdiction and a motion to dismiss, which the court granted on grounds that it lacked
subject matter jurisdiction.

Discussion

 Raising two points of error, appellants contend that (1) the trial court erred in
granting City's plea to the jurisdiction, and (2) the trial court erred by refusing to
grant appellants' motion for summary judgment. Because we find appellants' first
point dispositive, we do not reach the second. 

 A plea to the jurisdiction contests the trial court's authority to determine the
subject matter of the cause of action. Reyes v. City of Houston, 4 S.W.3d 459, 461
(Tex. App--Houston [1st Dist.] 1999, pet. denied). Subject matter jurisdiction is
essential to a court's authority to decide a case. Texas Ass'n of Bus. v. Texas Air
Control Bd., 852 S.W.2d 440, 443 (Tex.1993). We review a trial court's disposition
of a plea to the jurisdiction under a de novo standard of review. Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998).

 Appellants brought the present action seeking a declaratory judgment on the
unconstitutionality of a criminal ordinance banning bicycles from public roadways
in the City of Hunter's Creek Village. The meaning and validity of a penal statute or
ordinance should ordinarily be determined by courts exercising criminal jurisdiction. 
State v. Morales, 869 S.W.2d 941, 945 (Tex. 1994) (explaining the "narrow
circumstances under which an equity court can construe a criminal statute"). 
Accordingly, civil courts do not have jurisdiction to address the validity of penal
statutes except under limited circumstances. A civil court has jurisdiction to declare
constitutionally invalid, and to enjoin the enforcement of, a criminal statute only
when: (1) there is evidence that the statute at issue is unconstitutionally applied by
a rule, policy, or other noncriminal means subject to a civil court's equity powers, and
irreparable injury to property or personal rights is threatened, or (2) the enforcement
of an unconstitutional statute threatens irreparable injury to property rights. Morales,
869 S.W.2d at 942. 

 Here, appellants have failed to allege any threat of an irreparable injury to
property or personal rights. Property rights are created and defined by state law. 
Stratton v. Austin Indep. Sch. Dist., 8 S.W.3d 26 (Tex. App.--Austin, 1999, no pet.).
A person's property interests include actual ownership of real estate, chattels, and
money. Id. at 29. The dangers that purportedly arise as a result of appellants' being
required to dismount their bicycles and cross to the other side of the street in areas
where sidewalks appear on alternate sides of the roadway are not the sort of vested
property interest that appellants may use to institute a Morales-type challenge. See
Morales, 869 S.W.2d at 954 n. 8; see also Dallas County Dist. Attorney v. Doe, 969
S.W.2d 537, 541 (Tex. App.--Dallas, 1998, no pet.) (claimed right to engage in
anonymous pamphleteering did not justify civil court interfering with ordinary
enforcement of a criminal statute); Hang On III, Inc. v. Gregg County, 893 S.W.2d
724, 726 (Tex. App.--Texarkana, 1995, writ dism'd by agr.) (property owner did not
have a vested property right in operating a sexually-oriented business).

 Similarly, appellants did not present the district court with a showing of a
possible threat to their personal rights justifying a constitutional attack on the
ordinance in the civil courts. Appellants argue that the Texas Supreme Court
extended equity jurisdiction to constitutional challenges involving the protection of
personal rights in Passel v. Ft. Worth Indep. School Dist., 440 S.W.2d 61 (Tex. 1969). 
However, this interpretation of Passel has been severely limited by subsequent
decisions of the Court. As the Court noted in Morales: 

 We did not hold in Passel that a personal right can be uniformly
substituted for a property right and that a civil court's equity jurisdiction
over criminal statutes was thereby expanded. Rather, in Passel we held
that an injunction directed at the offending school district rule was
potentially available as a remedy, and that the protection of personal
rights would be a sufficient justification. 


869 S.W.2d at 946 (emphasis in original). The Morales court noted further that, "In
fact, the very year after Passel was decided, Justice Walker, its author, again noted
for a unanimous court the general rule limiting an equity court's power to interfere
with the enforcement of a criminal statute." Id. at 941 n. 11 (citing Texas Liquor
Control Bd. v. Canyon Creek Land Corp., 456 S.W.2d 891, 894 (Tex. 1970)). 

 When subject matter jurisdiction is lacking, dismissal is required. Morales,
869 S.W.2d at 949. Accordingly, we find that the trial court did not err in granting
City's plea to the jurisdiction. 

 We affirm the judgment of the trial court. 

 

 


 

 Frank C. Price (1)

 Justice

Panel consists of Justices Taft, Alcala, and Price.

Publish. Tex. R. App. P. 47.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.