TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00027-CV







Robert L. Collins, Appellant


v.


Texas Natural Resource Conservation Commission and Cal-Maine

Partnership, Ltd., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. 99-13369, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING






 B&N Poultry (1) applied to the TNRCC (2) for a permit to change from a dry waste-management system to an environmentally superior wet waste-management system utilizing
compacted clay lined lagoons. Robert Collins, an organic farmer who lives 1.3 miles away from the
proposed lagoons, sought a contested case hearing to oppose the application. After considering the
pleadings and attached evidence of Collins and the applicant, and allowing Collins to explain his
opposition at two public meetings, the Commission determined that Collins was unlikely to be
affected by the proposed lagoons and denied his hearing request. Collins sought judicial review of
the Commission's decision in a Travis County district court. See Tex. Water Code Ann. §§ 5.351,
.354 (West 2000). Collins claimed among other things that the Commission's failure to grant him
a contested case hearing is not supported by substantial evidence and that he was denied due process
of law. The district court affirmed the Commission's order. We find substantial evidence in the
record to support the Commission's decision to deny Collins's hearing request under the applicable
law and regulations and hold that Collins was afforded due process. 


BACKGROUND

 B&N originally operated a poultry farm with a maximum capacity of approximately 
500,000 hens on an 870-acre tract in Gonzales County. In May 1998, B&N applied for a permit to
expand its poultry operation by approximately two million hens and to replace its existing dry waste-management system with a wet waste-management system utilizing non-discharge waste lagoons
lined with compacted clay. (3) 

 Robert Collins operates a small organic farm on a 209-acre tract located
approximately 590 feet from B&N's land at its closest point. After seeing a notice of B&N's permit
application in a local newspaper, Collins filed a written request for a contested case hearing,
claiming that his land was adjacent to B&N's property and that his groundwater resources and air

quality, already adversely affected by B&N's operations, would further deteriorate if the permit were
granted. The Commission notified Collins that it would consider his request at its May 1999
meeting. 

 Shortly thereafter, the Commission's Public Interest Counsel and Executive Director
filed responses to Collins's hearing request. Relying on Collins's representations, each response
stated that: (1) Collins is an affected person; (2) his request is reasonable; and (3) his request should
be granted. See 30 Tex. Admin. Code §§ 55.27, .29, .31 (2002). B&N then filed a response
challenging Collins's assertion that he would be affected by B&N's proposed operation. B&N
specifically disputed Collins's claim that his property is adjacent to B&N's property and submitted
a map indicating that another tract of land, the "Pavlicek Property," is located between Collins's land
and B&N's land. 

 A few weeks later, B&N filed a reply to the responses of the Public Interest Counsel
and the Executive Director. In this pleading, B&N again contended that Collins is not an affected
person within the meaning of section 55.29 of the administrative code. Particularly, B&N alleged
that: (1) Collins's home is more than 1.3 miles away from the nearest permanent odor source at the
proposed operation; (2) neither Collins nor anyone else had previously complained about the existing
operation; (3) the wind blows towards Collins's property only about four percent of the time; (4) area
groundwater will be protected by the clay-lined lagoons; and (5) general groundwater flow is not in
the direction of Collins's property. B&N also challenged the reasonableness of Collins's request for
a hearing within the meaning of section 55.30 of the administrative code because: (1) the proposed
expansion could be constructed without any permit if B&N continued to operate a dry litter system;
and (2) the proposed wastewater-lagoon system is environmentally superior to a dry litter system. 
The attached map indicated that Collins's property was 590 feet removed from B&N's farm and that
his residence was approximately 1.3 miles from B&N's proposed site. B&N also attached a wind
data chart and the affidavit of a professional engineer stating that the proposed lagoons would "likely
not result in degradation of the groundwater resources utilized by Mr. Robert Collins." (4) On the same
day, B&N filed a motion for continuance. The Commission granted B&N's motion and carried the
matter over to its next scheduled meeting in June 1999. 

 A short time later, B&N applied for and received Commission approval to build the
proposed expansion continuing to utilize a dry waste-management system. See 30 Tex. Admin.
Code § 106.161(2002). 

 Before the June meeting, B&N, Collins, the Public Interest Counsel, and the
Executive Director all filed additional pleadings. B&N bolstered its earlier claims that Collins was
not an affected person and that his request was not reasonable by attaching aerial photos showing
the distance between B&N's operations and Collins's property, along with the affidavit of another
engineer stating that the proposed non-discharge clay lined lagoon system would be superior to the
existing dry waste system. The Public Interest Counsel continued to support Collins's request for
a contested case hearing, but the Executive Director changed his position and recommended that the
hearing request be denied. 

 Collins appended to his additional pleadings photographs allegedly taken from
Collins's land of the existing poultry operations and some new construction; affidavits of other
nearby landowners stating that they have experienced odors and insects coming from B&N's
operation; and a letter from an engineer that questioned the wisdom of using compacted clay liners
because such liners are difficult to install correctly and are not as "state of the art" as geomembrane
liners. The engineer's letter also opined that insects and odors would be better controlled if the
lagoons were covered. 

 At the Commission's June meeting, Collins was given the opportunity to explain his
request. Initially, he disputed the accuracy of the second map submitted by B&N. (5) The Commission
referred the matter of the map's accuracy to the State Office of Administrative Hearings (SOAH) for
a hearing in front of an administrative law judge (ALJ). Collins did not offer evidence at the SOAH
hearing but did thoroughly cross-examine the witnesses put on by B&N. After the hearing, the ALJ
issued a proposal for decision and findings of fact and conclusions of law indicating that B&N's map
was accurate. The Commission then revisited Collins's request at its August meeting, where Collins
was again allowed to explain his opposition to the wastewater-lagoon system. Based on the findings
of the ALJ, the Office of Public Interest Counsel reversed itself and recommended that Collins's
request be denied. The Commissioners adopted the ALJ's findings of fact and conclusions of law,
denied Collins's hearing request, and remanded B&N's application to the Executive Director, who
approved it. Collins filed a motion for rehearing, which was overruled by operation of law, and then
sought judicial review. See Tex. Water Code Ann. §§ 5.351, .354. The district court affirmed the
Commission's denial of Collins's hearing request.

DISCUSSION

 On appeal, Collins claims that: (1) the Commission's failure to grant him a contested
case hearing is not supported by substantial evidence; (2) he was denied due process of law and
therefore former section 5.115 of the Texas Water Code, which authorized the Commission's denial
of his hearing request, is unconstitutional as applied to him; and (3) the Commission erred in not
providing findings of fact and conclusions of law in its order denying Collins's hearing request. 


Substantial Evidence 

 In conducting a substantial evidence review, we determine whether the evidence as
a whole is such that reasonable minds could have reached the same conclusion as the agency in the
disputed action. Stratton v. Austin Indep. Sch. Dist., 8 S.W.3d 26, 30 (Tex. App.--Austin 1999, no
pet.). We may not substitute our judgment for that of the agency and may only consider the record
on which the agency based its decision. Id. The issue for the reviewing court is not whether the
agency reached the correct conclusion, but rather whether there is some reasonable basis in the
record for its action. City of El Paso v. Public Util. Comm'n, 883 S.W.2d 179, 185 (Tex. 1994). The
findings, inferences, conclusions, and decisions of an administrative agency are presumed to be
supported by substantial evidence, and the burden is on the contestant to prove otherwise. Stratton,
8 S.W.3d at 30.

 Before its amendment in 1999, section 5.115 of the Texas Water Code provided:


The commission is not required to hold a hearing if the commission determines that
the basis of the person's request for a hearing as an affected person is not reasonable
or is not supported by competent evidence.



Act of May 28, 1995, 74th Leg., R.S., ch. 882, § 1, 1995 Tex. Gen. Laws 4380, 4381 (Tex. Water
Code Ann. § 5.115(a), since amended by Act of May 30, 1999, 76th Leg., R.S., ch. 1350, § 1, 1999 
Tex. Gen. Laws 4570). 

 Title 30, Chapter 55, Subchapter B, of the Texas Administrative Code implements
the above quoted section of the Water Code: (6) 



(a) The determination of the validity of a hearing request is not, in itself, a contested
case hearing subject to the APA. The Commission will evaluate the hearing
request at the scheduled commission meeting and may:


 (1) determine that a hearing request does not meet the requirements of this
subchapter and act on the application.


. . . .



 A request for a contested case hearing shall be granted if the request is:



. . . . 


 (2) made by an affected person if the request:


 (A) is reasonable;


 (B) is supported by competent evidence . . . . 



30 Tex. Admin. Code § 55.27. Subchapter B also sets forth substantive criteria for determination
of who qualifies as an "affected person" and what constitutes a "reasonable request." See id.
§§ 55.29, .31. Each of these two code sections requires the Commission to consider "all relevant
factors" and includes a nonexclusive list of such factors. 

 Collins claims that the Commission's order is not supported by substantial evidence. 
We disagree. In its order denying Collins's hearing request, the Commission stated that "the request
for hearing did not meet the requirements of Commission rules in Chapter 55, Subchapter B [of the
administrative code]." We will affirm this determination if there is substantial evidence in the record
of any permissible ground set out in Subchapter B for denying Collins's request, i.e., that: (1) Collins
is not an affected person, or (2) Collins's hearing request was not reasonable, or (3) Collins's hearing
request was not supported by competent evidence. See id. §§ 55.27, .29, .30. 

 An affected person is one who has a personal justiciable interest related to a legal right,
duty, privilege, power, or economic interest affected by the application. Id. § 55.29(a). An interest
that is common to members of the general public does not qualify as a personal justiciable interest. 
Id. However, one does not need to show that she will ultimately prevail on the merits to qualify as
an affected person. See United Copper Indus., Inc. v. Grissom, 17 S.W.3d 797, 803 (Tex.
App.--Austin 2000, pet. dism'd). The factors that the Commission must consider in determining
whether Collins is an affected person include:



 distance restrictions or other limitations imposed by law on the affected interest;

 whether a reasonable relationship exists between the interest claimed and the
activity regulated;

 likely impact of the regulated activity on the health, safety, and use of property
of the person;

 likely impact of the regulated activity on use of the impacted natural resource by
the person. 




30 Tex. Admin. Code § 55.29. Our review of the record indicates that the Commission was well
within its discretion to determine that Collins is not an affected person. The map that the ALJ found
to be accurate indicates that Collins's property is not adjacent to B&N's property and that his home
is approximately 1.3 miles away from the proposed lagoons. Collins predicts that the lagoons will
produce "noxious odors." But a concentrated animal feeding operation, such as B&N's farm,
qualifies for a standard air permit--issued without the opportunity for a contested case hearing--if
its permanent odor sources are at least half a mile from occupied residences and business structures. 
30 Tex. Admin. Code § 321.46(1)(A).

 Collins also predicts that his groundwater will be polluted and submitted an affidavit
of an engineer stating that clay liner systems are difficult to install and might fail. But the permit only
authorizes a correctly installed lagoon system. The type of failure that Collins fears would actually
be a permit violation. Moreover, the Commissioners had before them competent evidence that the
environment--including Collins's land, health, and safety--would be positively impacted by
changing from the existing dry waste management to the clay lined lagoon system. By the time the
Commission issued its order denying Collins's hearing request, it had considered the detailed
affidavits of two engineers indicating that the proposed clay lined lagoon system is environmentally
superior to a dry waste system and that, in any event, Collins's groundwater resources were very
unlikely to be affected even by the failure of the lagoon system. We find substantial evidence in the
record indicating that Collins is not an affected person and therefore supporting the Commission's
decision denying Collins's hearing request. (7) 


Due Process

 In his second issue, Collins argues that he was denied due process. Due process claims
require a two-part analysis. We must first determine whether Collins has a liberty or property interest
that is entitled to pre-deprivation procedural protection. If so, we must then determine what process
is due. See University of Tex. Med. Sch. v. Than, 901 S.W.2d 926, 929 (Tex. 1995). While the
environmental damage and nuisance that Collins predicts would surely deprive him of his valuable
property rights, we note that the permit does not authorize such failures. See 30 Tex. Admin. Code
§ 305.122(c) ("the issuance of a permit does not authorize any injury to persons or property or an
invasion of any other property rights"). The permit itself requires an operation subject to oversight
so that it will not deprive Collins of any concrete liberty or property interest. Mere speculation of
failure in the face of conflicting evidence about the improved operation of the site under the permit
does not deprive Collins of protected liberty or property rights. 

 Even if Collins's speculations were construed as property or liberty interests, he was
unquestionably afforded all the process he was due. What process is due is measured by a flexible
standard that depends on the practical requirements of the circumstances. See Than, 901 S.W.2d at
930 (citing Matthews v. Eldridge, 424 U.S. 319 (1976)). The court must balance: (1) the
government's interest, including the fiscal and administrative burdens of additional or substitute
procedural requirements; (2) the private interest that will be affected by the official action; and (3)
the risk of an erroneous deprivation of such interests by the actual procedures used. Id. No matter
how weighty the private interest is, due process never requires all the trial-like procedures of a
statutory contested case hearing. See Texas Workers' Comp. Comm'n v. Bridge City, 900 S.W.2d
411, 416 (Tex. App.--Austin 1995, writ denied).

 We hold that Collins received all the process he was due. He filed several pleadings
and submitted evidence. He participated in two Commission meetings where he was allowed to
explain his opposition and respond to the contentions of B&N. When he disputed the accuracy of
B&N's map, the issue was referred to SOAH for a limited contested case hearing on the issue. In
short, he was afforded ample opportunity for his concerns and request to be heard. He simply
disagrees with the Commission's decision. 


Findings and Conclusions

 In his third issue, Collins argues that the Commission erred in not including findings
of fact and conclusions of law in its order denying him a contested case hearing. We note initially
that the Commission adopted the findings and conclusions of the ALJ about the accuracy of the map. 
We construe Collins's complaint to challenge the failure of the Commission to enter further findings
of fact and conclusions of law on the ultimate issues of whether Collins is an affected person and
whether his request for a hearing is reasonable and supported by competent evidence. 

 A motion for rehearing is a prerequisite to appeal a denial of a hearing request. See
30 Tex. Admin. Code §§ 55.27(g), 80.271 (2002). Its purpose is to inform the agency of the claimed
error and allow the agency the opportunity to correct the error or prepare to defend against it. Hill
v. Board of Trs. of the Ret. Sys., 40 S.W.3d 676, 678 (Tex. App.--Austin 2001, no pet.). We have
specifically held that a party to a contested case hearing must complain about a lack of findings of fact
and conclusions of law in its motion for rehearing in order to preserve that complaint for appeal. BFI
Waste Sys., Inc. v. Martinez Envtl. Group, No. 3-02-218-CV, slip op. at 11, 2002 Tex. App. Lexis
8216 (Tex. App.--Austin Nov. 21, 2002, no pet. h.). Under the regulations applicable to this case,
the same procedures for filing a motion for rehearing after a contested case hearing apply when a
hearing request is denied. See 30 Tex. Admin. Code §§ 55.27(g), 80.271 (2002). Because Collins
did not complain in his motion for rehearing about the Commission's failure to make findings and 
conclusions, we hold that this issue was not preserved for review.

 But even had Collins preserved his complaint, he still could not prevail. The
determination of the validity of a hearing request is not, in itself, a contested case hearing subject to
the Administrative Procedure Act, 30 Tex. Admin. Code § 55.27(a) (2002), and therefore section
2001.141(b) of the government code requiring findings of facts and conclusions of law does not
apply.


CONCLUSION

 There is substantial evidence in the record supporting the Commission's decision to
deny Collins's request for a contested case hearing. Furthermore, Collins was afforded all the process
he was due; he failed to preserve his complaint about the lack of findings and conclusions, which
were not required. We therefore affirm the judgment of the trial court affirming the Commission's
order. 



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed: December 31, 2002

Publish

1. 
 -- - 
2. 
 
 
 ' 
 
§  
 
3. - 
 
 § ' 
 ' - 
4. 
 
 
 
 ' 
5. The second map submitted by B&N had a scale indicating distances.
6. 
 
 § 
7. 
 - ' 
 
 
 ' 
 ' 
 " ' 
" 
 
 
-- --