2) Caption, civil cases



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



IN THE MATTER OF THE ESTATE
OF MARIA ENRIQUETA
HERNANDEZ, DECEASED.




§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00070-CV



Appeal from the


Probate Court


of El Paso County, Texas 


 (TC# 98-P00042)





O P I N I O N


 This is a probate case. Guadalupe Bain appeals the probate court's order setting
aside the sale of real property from the estate to Bain's son, Ronald Bain. (1) We affirm.

Facts

 On January 15, 1998, Guadalupe Bain filed an application with the statutory
probate court of El Paso County, Texas, to probate the will of her sister, Maria Enriqueta
Hernandez. The will was admitted to probate and letters testamentary issued to Bain as
independent executor. The will devised decedent's estate in equal shares to her seven
brothers and sisters: Socorro Arroyo, Guadalupe Bain, Esperanza McCulley, Jesus
Hernandez, Manuel Hernandez, Ramiro Hernandez, and Eva Diaz. (2) The will contained a
power of sale clause which provided, "I hereby authorize and empower my Executor to
sell all or any part of the property of my estate at public or private sale, with or without
notice and with or without the necessity of obtaining any order of court authorizing or
confirming any such sale."

 On February 23, 2000, Ramiro Hernandez filed a motion to compel Bain to file a
corrected inventory, appraisement, and list of claims. The petition alleged that an
accounting filed on January 19, 2000, was incomplete and contained errors, understated
the value of real property, contained no information on bank accounts or life insurance
proceeds, listed an erroneous debt due from Ramiro Hernandez, did not disclose income
from the rental of estate property, and that the accounting was not provided to petitioner
prior to seeking court approval. Bain filed an amended accounting which was approved
by the probate court on June 2, 2000.

 On November 30, 2000, Ramiro Hernandez, Esperanza McCulley, Manuel
Hernandez, Eva Diaz, and Jesus Hernandez (petitioners) filed an application to remove
Bain as independent executor of the estate, asserting that Bain had mismanaged the estate,
commingled estate assets with her personal assets, permitted her son to use estate property
free of charge, failed to maintain a separate estate account, and been guilty of gross
mismanagement and misconduct in the performance of her duties. Bain was personally
served with the petition to remove her as executor.

 On January 30, 2001, petitioners filed a petition for injunctive relief to restrain sale
of the estate's only real property, located at 214 S. Ascarate, El Paso. (3) The petition
alleged that the sale would constitute a fraud on the estate, would contravene the pending
motions to compel an accounting and to remove Bain as executor, that the intended sale
to the executor's son, Ronald Bain, was at a price far below market value, and was
intended to be funded by claims against the estate by Ronald Bain that had not been
approved by the court. On January 30, 2001, the probate court entered a temporary
restraining order enjoining the sale of the property. Guadalupe Bain filed a motion to
dissolve the TRO, claiming that a prima facie case of fraud had not been set out, that
petitioners had waited too late to seek a restraining order, and that the bond set was
inadequate to protect Bain and the purchaser.

 The next day, January 31, 2001, the probate court convened a hearing on removing
appellant as executor, compelling an annual accounting, compelling appellant to file a
corrected inventory, appraisement, and list of claims, and enjoining Bain from selling the
Ascarate property to Ronald Bain. Guadalupe Bain and her attorney, James Lucas, were
present throughout. At the close of the day's hearing, but before the parties had finished
their evidence, the probate judge admonished the parties: "[t]hat [Ascarate] property is
not to be sold by anyone until we have an appraisal by an independent appraiser." The
judge also stated he would appoint the appraiser.

 The evidence adduced at hearing revealed that rental income from the Ascarate
property was never separated from the accounts of Guadalupe and Ronald Bain. The
estate's house and land were rented out for around $300 a month, which was generally
collected and kept by Ronald Bain. Guadalupe Bain's explanation for this was they used
the funds to pay the water bill and maintain the yard. She failed to produce any receipts
for rent, or substantiating utility payment or yard maintenance. At the time of the hearing,
Ronald Bain had lived in another house on the property, rent-free, since March of 1998. 
Guadalupe Bain testified she had spent approximately $35,000 on repairs and
improvements to the house, including new floors, plumbing, and walls. She paid
expenses from estate money until it ran out, then she paid with her own funds. The May
10 contract for sale of the house was for $50,000, with $10,947.53 to be funded with a
claim by Ronald Bain against the estate, $11,434.59 coming from a claim by Guadalupe
Bain against the estate, and $2,773.95 from a 5 percent commission she intended to take
on the sale. The property was never listed with a real estate agent. Moreover, the claims
against the estate intended to fund the sale had not been approved by the probate court.

 Despite the trial court's specific order that the property was not to be sold, Bain
conveyed the Ascarate property to her son on May 10, 2001, assisted by the same attorney
who has represented her throughout this proceeding, and funded as set out above.

 The original hearing was supposed to resume on February 1, but for reasons not
disclosed in this record did not reconvene until October 12, 2001. At the close of all
evidence, the probate court found that Guadalupe Bain had been guilty of gross
mismanagement and had misapplied property that had been committed to her care. It
therefore removed her as independent executor. The court also set aside the purported sale
to Ronald Bain and ordered appellant and Ronald Bain to effectuate all documents
necessary to set aside the sale.

The probate court had jurisdiction to set aside the sale,

Bain's due process rights were not violated by that decision,

and the order setting aside the sale was not void for lack of notice


 Guadalupe Bain's first argument on appeal is that the probate court did not have
subject matter jurisdiction to, on its own motion, set aside the sale of the residence. In her
second and third arguments on appeal, she makes related claims that the lack of notice of
the court's intention to set aside the sale violated her due process rights and renders that
portion of the court's order void. We will address these points together.

 Bain's arguments, as we understand them, are based upon the lack of a specific
pleading urging the court to set aside the sale after it had taken place in May 2001. In our
reading, however, Tex. Prob. Code Ann. § 352, upon which the probate court based its
order, does not require such a specific request. That statute prohibits a personal
representative of an estate from (except in very limited enumerated circumstances not
applicable here) becoming the purchaser, directly or indirectly, of estate property, and:

 If a purchase is made in violation of this section, any person interested in the
estate may file a written complaint with the court in which the proceedings
are pending, and upon service of citation upon the representative, after
hearing and proof, such sale shall be by the court declared void, and shall be
set aside by the court and the property ordered to be reconveyed to the estate. 
Tex. Prob. Code Ann. § 352(e) (Vernon 2003) (emphasis added).


There is nothing in the statute that requires this "complaint" to take any specific form, so
long as it is filed in the appropriate court and a hearing is held with adequate proof before
a sale is set aside. Here, we think the original petition for injunctive relief served upon
Bain with her response, and the hearings held both before and after the sale, constituted
ample procedural compliance with section 352. Moreover, the proof adduced at hearing
certainly justified the probate court in concluding that the sale was an indirect purchase by
Bain, through her son. That proof included evidence that the sale took place while a
motion to remove Bain as executor was pending, that it proceeded during a hiatus in a
hearing on the issue of enjoining the sale, that it took place in defiance of the probate
court's unambiguous verbal order prohibiting it, that the purported purchaser did not
actually pay anything for the property, and that the terms of sale (the low purchase price
funded by unapproved claims against the estate) were highly suspicious.

 As to Bain's due process claim, she has no due process interest in property that
does not belong to her. See Stratton v. Austin I.S.D., 8 S.W.3d 26, 29 (Tex. App.--Austin
1999, no pet.) (absent life, liberty or property interest, no right to due process exists, and
property interest include actual ownership of real estate, chattels, and money). That Bain
even attempts a due process claim can only shoal up the conclusion that she was the
indirect purchaser of the property. That her son has not protested the voiding of the sale is
further argument supporting petitioner's position that the executor was in fact purchasing
the property for her own benefit.

 This all clearly authorized voiding the sale and ordering reconveyance of the
Ascarate property to the estate. The court possessed subject matter jurisdiction, no due
process rights were violated, and Guadalupe Bain had proper notice and opportunity to be
heard before the sale was set aside. Her first, second, and third arguments are overruled.

There was no failure to join necessary parties such that

the order setting aside the property transfer was rendered void


 In her fourth argument on appeal, Guadalupe Bain urges that Ronald Bain was a
necessary party to the order setting aside the sale of the property; similarly, in her fifth
argument, she urges that she was a necessary party, and that failure to join them renders
the order void.

 The Texas Rules of Civil Procedure provide that a party shall be joined as a party to
an action if, without the joinder of that person complete relief cannot be accorded amongst
those already parties, or where that person claims an interest such that disposition of the
action in his or her absence may impair the ability to protect that interest or leave any party
subject to multiple or inconsistent obligations. Tex. R. Civ. P. 39(a); see Barraza v. Law
Offices of Smith & Gopin, 918 S.W.2d 608, 611 (Tex. App.--El Paso 1996, no writ). 
Nevertheless, our Supreme Court has admonished that under this rule, "it would be rare
indeed if there were a person whose presence was so indispensable in the sense that his
absence deprives the court of jurisdiction to adjudicate between the parties already joined." 
Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex. 1982); Motor Vehicle Board of Texas Dep't
of Transp. v. El Paso Indep. Auto. Dealers, 37 S.W.3d 538, 540 (Tex. App.--El Paso 2001,
pet. denied).

 With regard to her complaint that she was not joined as a necessary party, we do not
see any basis for this argument. Guadalupe Bain was a party to this action on several
counts: she was executor of the estate, she had been served with notice of an action to
remove her from serving in that capacity, and she had been served with a TRO prohibiting
her from selling the Ascarate property. She was present and testified at the hearing on
these issues, at which she was represented by counsel. Her fifth argument on appeal is
overruled.

 With regard to the failure to join Ronald Bain as a party, we do not think his
absence from the formal pleadings here creates a situation depriving the probate court of
jurisdiction. First, we note that a lis pendens was filed by petitioners before the purported
sale took place, putting all potential purchasers on notice of litigation involving the
property, including the petitioners' intent to remove Ronald Bain's mother as executor. 
Thus, Bain was charged with the knowledge that his mother's authority to sell the property
was under challenge. See Wall v. Wall, 186 S.W.2d 57, 59 (Tex. 1945) (purchasers who
bought with knowledge that sale was in violation of section 352's predecessor statute
could not complain that equities resulted from voiding of sale). Guadalupe Bain
proceeded with the sale despite the court's direct order that she not do so. Moreover, the
court justifiably determined that this was not a bona fide purchase for value, but rather a
sale resulting from the executor's mismanagement and self-dealing. Tex. Prob. Code
Ann. § 352 clearly gives the probate court authority to set aside a sale under these
circumstances, and it contains no requirement that the purported purchaser in an indirect
sale be joined as a party. Thus, we can find no error in setting aside the sale without the
formal joinder of Ronald Bain as a party. Bain's fourth argument on appeal is overruled.

The probate court did not rely upon an unrecognized cause of action


in setting aside the sale of the Ascarate property


 In her sixth argument, Bain states that the probate court relied upon an
unrecognized cause of action in setting aside the sale of the Acarate property. She urges
that the court's statement that the transfer of property from the estate to the executor's son
created an appearance of fraud is not a valid ground for setting aside a conveyance. 
Perhaps this statement in isolation is true, but there was much more in the findings of the
court to support that setting aside of the sale. We find that other findings of the trial court, 
supported by evidence, justified the court's action. These include findings that Bain co-mingled estate assets with her own accounts and those of her son, Ronald Bain; that she
was guilty of gross misconduct and mismanagement in her duties as executor; that she
engaged in self-dealing concerning sale of the Ascarate property; that she permitted estate
property to be used by Ronald Bain without remuneration, creating a conflict of interest;
that Ronald Bain paid no taxes, rent, insurances, utilities, or maintenance during his
occupancy of the property; that Guadalupe Bain's appraisal valued the Ascarate property
at $70,000 in January 2000, it was independently appraised at $62,000 in July 2000, that
the purported sale to Ronald Bain was for only $50,000, and Bain had never listed the
property with a realtor.

 Although not contained in the formal findings of the probate court, we think several
other facts are worth noting: on January 30, 2001, beneficiaries of the estate filed a
petition for a restraining order and injunction against the sale of the property in question of
which the executor had notice and to which she responded. The court granted the TRO
and, at the end of an adversarial hearing the following day, admonished all parties that no
sale was to take place before an appraisal by someone appointed by the court. Further,
petitioners filed a notice of lis pendens on the Ascarate property before the purported sale.

 We think that the probate court was thoroughly justified in finding that, in defiance
of (at least) the spirit of these proceedings, the executor took advantage of the technical
lapse of the TRO to proceed with the sale. Moreover, we think the court could correctly
find that the sale to Ronald Bain was, in fact, an indirect sale to the executor herself, based
upon the low sales price and use of her claim against the estate as well as an unauthorized
commission to fund the purchase. Thus, the court below was authorized under Tex. Prob.
Code Ann. § 352(e) to set aside the sale and order the property reconveyed to the estate. 
Bain's sixth argument on appeal is overruled.

The probate court's order setting aside the sale of the Ascarate property


was supported by pleadings, evidence, and statute



 In her seventh argument on appeal, Bain contends that there were no pleadings or
evidence authorizing the setting aside of the sale of the Ascarate property. For the reasons
we have discussed in considering her earlier arguments, this contention is without merit. 
Her seventh argument is overruled.

Tex. Civ. Prac. & Rem. Code Ann. § 17.002 is not applicable to this case

 In her eighth and final argument, Bain urges that the probate court committed
fundamental error in ignoring the requirements of Tex. Civ. Prac. & Rem. Code Ann. §
17.002 (Vernon 1997), which states:

 In a suit against the estate of a decedent involving the title to real property,
the executor or administrator, if any, and the heirs must be made parties
defendant.


This statute's purpose is to insure that all persons with interests in the title and ownership
of property are aware of actions against that property. See Lowman v. Falsetti, 335 F.2d
632, 638 (5th Cir. 1964), cert. denied, 379 U.S. 966, 85 S.Ct. 659, 13 L.Ed.2d 560 (1965). 
It applies generally to suits against an estate, rather than a dispute about mismanagement
and self-dealing by an executor. We do not think, therefore, that its provisions are
applicable, and even if they were, the executor and the heirs (with the exception of one
sister) were parties to the proceedings.

 Moreover, as this issue was not raised below, appellant must show fundamental
error to prevail on this point. Fundamental error is extremely limited in the civil context,
generally applying only to jurisdictional matters and matters of public policy of
constitutional dimension. This is not the situation here. Bain's eighth argument on appeal
is overruled.

Conclusion


 For the foregoing reasons, we affirm the order of the probate court setting aside the
sale of the estate property.


 SUSAN LARSEN, Justice

July 31, 2003


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.

1. Bain does not appeal that portion of the order removing her as executor of the estate
based upon her misapplication of estate property, gross misconduct, and gross mismanagement.
2. [2]Manuel Hernandez died during the litigation, prior to the court hearings, but was
originally one of the petitioners. Socorro Arroyo has not taken part in this litigation.
3. [3]According to the Amended Inventory and Appraisement filed by Guadalupe Bain in May
2000, the Ascarate property constituted approximately half the estate's total value ($62,000 of
$126,943).