**Emmanuel UBIÑAS–BRACHE, M.D., Appellant**

v.

**DALLAS COUNTY MEDICAL SOCIETY and Texas Medical Association, Appellees.**

**No. 05–07–00129–CV.**

Court of Appeals of Texas, Dallas.

Aug. 5, 2008.

Daniel P. Callahan, Kessler Collins, P.C., Dallas, for appellant.

George C. Chapman, Scott P. Stolley, Thompson & Knight, LLP, Dallas, for appellees.

Before Justices MORRIS, FITZGERALD, and LANG.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a judgment awarding attorney's fees and defense costs to Dallas County Medical Society and Texas Medical Association, Emmanuel Ubiñas–Brache, M.D. contends the trial court erred in ruling that his claims against appellees were frivolous, unreasonable, without foundation, or brought in bad faith as a matter of law. Ubiñas also contends that the trial court erred in considering certain summary judgment evidence and that the amount of attorney's fees and costs awarded by the trial court was excessive. After reviewing the record, we conclude the trial court erred in ruling Ubiñas was liable for attorney's fees and defense costs. We reverse the trial court's judgment and render judgment in favor of Ubiñas.

### I.

This appeal follows a remand from this Court to determine appellees' entitlement to attorney's fees and defense costs. *See Dallas County Med. Soc'y v. Ubiñas–Brache,* 68 S.W.3d 31 (Tex.App.-Dallas 2001, pet. denied). Emmanuel Ubiñas–Brache, M.D. originally filed this suit claiming an improper peer review process resulted in his expulsion from the Dallas County Medical Society and was in breach of an agreement as well as a violation of due process. Following a trial on the merits, a jury returned a verdict in favor of Ubiñas, and the trial court signed a judgment enjoining appellees from expelling Ubiñas.

Appellees appealed to this Court arguing the judgment was erroneous because they were entitled to immunity under the Texas Medical Practice Act. Ubiñas responded arguing that the immunity provisions of the TMPA did not apply to his claims and enforcing the immunity provisions would violate the open courts provision of the Texas Constitution. After analyzing the issues, we held in the previous opinion that appellees were immune from liability and from suit under the TMPA and rendered judgment against Ubiñas on his claims. *See id.* We remanded the case for a determination of appellees' counterclaims for attorney's fees and defense costs. *Id.* at 44.

On remand, appellees moved for partial summary judgment on their claim for costs and attorney's fees under both the TMPA and the federal Health Care Quality Improvement Act. The TMPA permits defendants to recover defense costs, in-

cluding court costs, attorney's fees, and damages, if the plaintiff's suit is frivolous or brought in bad faith. *See* Act of June 1, 1987, 70th Leg., R.S., ch. 596, § 18, 1987 Tex. Gen. Laws 2325, 2335, *repealed by* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 6a, 1999 Tex. Gen. Laws 1431, 2440 (current version at TEX. OCC.CODE ANN. § 160.008 (Vernon 2004)). The HCQIA permits a defendant to recover costs of suit including reasonable attorney's fees if the plaintiff's claims or conduct during the litigation was frivolous, unreasonable, without foundation, or in bad faith. *See* 42 U.S.C. § 11113. Appellees contended in their motion for partial summary judgment that they were entitled to recover their costs and attorney's fees because Ubiñas's claims were frivolous as a matter of law. Appellees argued Ubiñas failed to plead or prove malice, which they contended was necessary to defeat appellees' immunity defense. Appellees further argued that Ubiñas's breach of contract claim had no basis in law and was merely an attempt to circumvent appellees' immunity. Ubiñas responded that, at the time he filed suit, there was little case law interpreting the immunity provisions of the TMPA or the HCQIA and his arguments about the application of the provisions to his claims were not frivolous or brought in bad faith but raised legitimate questions of statutory interpretation.

Ubiñas also moved for summary judgment arguing his claims were not frivolous, unreasonable, without foundation, or brought in bad faith as a matter of law. Ubiñas pointed to the fact that he obtained a jury verdict in his favor and was awarded permanent injunctive relief by the trial court before that judgment was overturned on appeal. According to Ubiñas, the judgment in his favor was proof of the validity of the claims he asserted.

After considering the motions and summary judgment evidence, the trial court granted partial summary judgment in favor of appellees on the issue of entitlement to recover defense costs and attorney's fees. The court then conducted a non-jury evidentiary hearing to determine the amount of attorney's fees to be awarded. Following the hearing, the trial court rendered judgment that appellees recover $629,882.43 in costs and fees with additional amounts to be awarded in the event of appeal. The trial court also awarded appellees post-judgment interest. Ubiñas then brought this appeal.

## II.

Ubiñas raises four points of error generally contending the trial court erred in granting partial summary judgment in favor of appellees on liability, failing to grant summary judgment in his favor, considering certain summary judgment affidavits submitted by appellees, and awarding an excessive amount of attorney's fees.[1] Under his first two points of error, Ubiñas contends the trial court erred in determining appellees were entitled to recover their attorney's fees and costs as a matter of law under either the TMPA or the HCQIA. Ubiñas argues the evidence shows that, although his claims were not ultimately successful, his suit was not frivolous, unreasonable, groundless, or brought in bad faith.

■ The standard of review for a summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). We review a summary judgment de novo to determine

---

1. Appellees argue that Ubiñas fails to challenge on appeal all possible grounds for the partial summary judgment. We disagree. After reviewing the record, we conclude Ubiñas has sufficiently addressed all grounds for summary judgment asserted by appellees.

whether a party's right to prevail was established as a matter of law. *See Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.-Dallas 2000, pet. denied). When both sides move for summary judgment and the trial court grants one motion and denies the other, we examine both sides' summary judgment evidence and determine all questions presented. *See Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997). We then render the judgment the trial court should have rendered. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

In discussing the standard of review to be applied in this appeal, appellees argue we must examine the trial court's decision to award attorney's fees and costs under an abuse of discretion standard. While we agree that a trial court's award of attorney's fees and costs is generally reviewed under an abuse of discretion standard, we have found no authority, and appellees cite none, for doing so when the entitlement to such an award was determined as a matter of summary judgment. *See Rasmusson v. LBC PetroUnited, Inc.*, 124 S.W.3d 283, 288 n. 9 (Tex.App.-Houston [14th Dist.] 2003, pet. denied).

 The terms "frivolous," "unreasonable," "without foundation," and "bad faith" are not defined under either the TMPA or the HCQIA. Federal courts applying the HCQIA have found instructive the case authority addressing the award of attorney's fees under similar language in Title VII of the Civil Rights Act of 1964. *See Muzquiz v. W.A. Foote Mem'l Hosp. Inc.*, 70 F.3d 422, 432 (6th Cir.1995). When examining an award of attorney's fees under Title VII, the United States Supreme Court opined that claims are not groundless or without foundation merely because the plaintiff ultimately lost his case. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694,

54 L.Ed.2d 648 (1978). The Court warned that it is important to "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because the plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421–22, 98 S.Ct. 694. That it is later determined there is insufficient evidence to go forward or the claims are precluded by legal precedent does not mean those claims were without foundation when brought. *See Muzquiz*, 70 F.3d at 433.

 Under Texas law, a claim is generally considered groundless when it has no basis in law or fact and is not warranted by a good faith argument for the extension, modification, or reversal of existing law. *Donwerth v. Preston II Chrysler-Dodge, Inc.*, 775 S.W.2d 634, 637 (Tex. 1989). To determine if a pleading was groundless, it must be determined objectively whether the party and counsel made a reasonable inquiry into the legal and factual basis of the claim at the time the suit was filed. *See Lake Travis Indep. Sch. Dist. v. Lovelace*, 243 S.W.3d 244, 254 (Tex.App.-Austin 2007, no pet.). Bad faith is not simply poor judgment or negligence but means consciously doing wrong for dishonest, discriminatory, or malicious purpose. *See Elkins v. Stotts–Brown*, 103 S.W.3d 664, 668 (Tex.App.-Dallas 2003, no pet.).

Appellees' argument that Ubiñas's claims were frivolous focuses on the fact that Ubiñas failed to plead or prove malice. According to appellees, a showing of malice was necessary to defeat their defense of immunity, and Ubiñas knew at the time he brought his claims that he could not prove appellees acted with malice. Appellees rely on the case of *Maewal v. Adventist Health Systems/Sunbelt, Inc.*, which placed the burden of proving malice under the TMPA and HCQIA on the plain-

tiff. *See Maewal v. Adventist Health Sys. Sunbelt, Inc.* 868 S.W.2d 886, 893 (Tex. App.-Fort Worth 1993, writ denied).

■■■ Although Ubiñas neither pled nor proved malice in the trial court below, he raised several arguments that appellees were not entitled to the protections of the immunity provisions even in the absence of malice. Ubiñas raised questions about whether the immunity provisions would protect defendants that fail to follow their own rules and procedures when conducting peer review activities. Ubiñas also presented non-frivolous arguments challenging whether the immunity provisions would apply in a suit that did not seek monetary damages, but sought only to force the defendants to follow their own rules and procedures in conducting peer review activities. Finally, as a matter of first impression, Ubiñas argued that the malice requirement violated the "open courts" provision of the Texas Constitution. Although these issues were ultimately resolved against Ubiñas, nothing in our earlier opinion can be read to suggest that these arguments were frivolous, unreasonable, without foundation, or made in bad faith. *See Ubiñas–Brache,* 68 S.W.3d at 38–43. The law relating to the application of the immunity provisions involved here was neither well-settled nor well-developed when Ubiñas brought his claims. Ubiñas's arguments were good faith attempts to persuade the courts to interpret the statutory provisions in his favor.

In addition, appellees' entitlement to immunity has no bearing on the validity of Ubiñas's underlying claims. *See Meyers v. Columbia/HCA Healthcare Corp.,* 341 F.3d 461, 473 (6th Cir.2003) (because claims under HCQIA were decided based on immunity, court could not say that underlying claims lacked foundation); *Muzquiz,* 70 F.3d at 432–33 (immune defendants not entitled to attorney's fees under HCQIA where plaintiff's underlying claims were

not without foundation). Indeed, Ubiñas obtained a jury verdict in his favor finding that appellees had not provided him with a fair and good faith procedure in the peer review process. Given the verdict in favor of Ubiñas, we cannot say his underlying claims lacked foundation as a matter of law for the purposes of awarding attorney's fees and defense costs.

The trial court erred in concluding Ubiñas's claims were frivolous, unreasonable, without foundation, or made in bad faith. Accordingly, the trial court erred in granting summary judgment to appellees on the issue of entitlement to attorney's fees and defense costs. The trial court also erred in failing to grant summary judgment in favor of Ubiñas. We resolve Ubiñas's first two points of error in his favor. Based on our resolution of the first two points, it is unnecessary for us to address the remaining points of error raised by Ubiñas.

We reverse the trial court's judgment and render judgment in favor of Ubiñas.