**Willie G. WHITAKER, Appellant,**

v.

**Michael MOSES, Commission of Education, Texas Education Agency, in His Official Capacity Only, and Marshall Independent School District, Appellees.**

No. 06–00–00090–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 22, 2001.

Decided March 1, 2001.

Lorraine J. Yancey, Texas State Teachers Association, Austin, for appellant.

Frank J. Knapp, Jr., Office of the Attorney General, Administrative Law Division, Austin, J. Barron Neal, Marshall, for appellees.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Willie G. Whitaker, a twenty-two-year employee of the Marshall Independent School District (MISD), contested the nonrenewal of his term employment contract pursuant to TEX. EDUC.CODE ANN. § 21.207 (Vernon 1996). At the conclusion of the evidentiary hearing before MISD's board of trustees, the president of the board announced to the other board members that they had to determine whether the reasons for nonrenewal were "supported by substantial evidence." Without further explanation, the president opened the floor to discussion. Without deliberation, the board found against Whitaker.

Whitaker appealed to the Commissioner of Education for the State of Texas pursuant to TEX. EDUC.CODE ANN. § 21.209 (Vernon 1996). The commissioner agreed with Whitaker that the board's use of the substantial evidence standard was improper. He nonetheless denied Whitaker's appeal on the ground that Whitaker waived the right to challenge the use of the substantial evidence standard by failing to object

prior to consideration of the evidence. The commissioner cites Tex. Educ.Code Ann. § 21.301(c) (Vernon 1996), which limits his review to the record below and prohibits consideration of other evidence or issues. The 71st Judicial District Court of Harrison County affirmed the commissioner's decision.

The Texas Education Code provides that district courts shall review the evidence on the record made at the local level and any evidence taken by the commissioner, but may not take additional evidence. Tex. Educ.Code Ann. § 21.307(e) (Vernon 1996). The district court shall affirm the commissioner's decision unless it is not supported by substantial evidence or contains erroneous conclusions of law. Tex. Educ.Code Ann. § 21.307(f) (Vernon 1996). Substantial evidence review is a limited standard of review requiring "only more than a mere scintilla" to support the finding. *R.R. Comm'n of Texas v. Torch Operating Co.*, 912 S.W.2d 790, 792–93 (Tex.1995). We review the district court's decision to determine whether it properly discharged its function.

■ In his first point of error, Whitaker contends the district court erred in upholding the commissioner's decision because the commissioner's conclusions of law 4, 5, and 6 are erroneous because they hinge on the finding that Whitaker failed to preserve error. He contends, citing no authority, that parties need only preserve procedural errors for review, while substantive errors are not subject to waiver.

He states that because application of an improper evidentiary standard was mandated by Board Policy DFBB (Local), the board's error was substantive rather than procedural. Therefore, he contends, he was not required to preserve error by objecting to the board's application of the substantial evidence standard.

Tex. Educ.Code Ann. § 21.301, relied on by the commissioner in his decision, mandates that the commissioner restrict his review to evidence and issues appearing in the local record. The section makes no distinction between substantive and procedural errors to be reviewed by the commissioner.[1] The commissioner concluded that in the absence of an objection in the local record, the issue of the appropriateness of the evidentiary standard employed by the board was not raised and he was thus precluded from considering it.

Whitaker asks us to hold that the issue of whether the proper evidentiary standard was used has been raised by him where the record shows the standard was announced and applied without objection, even though he had ample opportunity to object. He was aware the standard would be applied even before the hearing took place.[2] The record reflects that Whitaker understood the need to object to errors in the proceeding; he objected no less than forty times during the hearing and stated that he was objecting to preserve the record to protect his judicial appellate options.[3] He made a number of preliminary

1. The following section contains an exception for procedural errors not appearing on the face of the record. Tex. Educ.Code Ann. § 21.302 (Vernon 1996). But Whitaker did not assert this exception, and there is no allegation that he should have.

2. The board's application of the substantial evidence standard was mandated by a written board policy, which was available to Whitaker.

3. Even though the Rules of Evidence and Civil Procedure do not apply to administrative hearings under the Texas Education Code, the hearings are in many ways similar to a civil trial. Teachers are entitled to be represented by counsel, hear the evidence against them, cross-examine adverse witnesses, and present evidence. Tex. Educ.Code Ann. § 21.207 (Vernon 1996).

objections at the start of the hearing and could have raised his objection to the evidentiary standard at that point. And despite Whitaker's contention that he was not at liberty to object after the announcement of the standard, likening the situation to one in which the case has gone to the jury, we do not agree that an objection at that juncture would have been improper.

Whitaker asks us to construe Section 21.301(c) broadly to allow a party to raise *any* matter on appeal that appears in the record of the hearing, regardless of whether the complaining party saw fit to bring the matter to the fore during the hearing. This would allow a party to lay behind the proverbial log at the hearing only to later waylay the board. The better construction would be to require a party to create an issue for the commissioner's review by objecting at the board level. Any other construction would permit a party to selectively withhold objections to later obtain a reversal, unnecessarily delaying the process. We hold the commissioner correctly found Whitaker waived the issue. We overrule Whitaker's first issue.

Whitaker next contends he suffered a violation of due process when the board applied an incorrect standard of proof to the evidence in his case. He contends such denial of due process supports a finding of arbitrariness and capriciousness, even if the record contains substantial evidence in favor of the board's decision. We may reverse if the board's decision is supported by substantial evidence, but is arbitrary and capricious nonetheless. *Texas Health Facilities Comm'n v. Charter Med.–Dallas, Inc.,* 665 S.W.2d 446, 454 (Tex.1984).

But Whitaker is mistaken in his assertion that he is entitled to constitutional due process protections with respect to the nonrenewal of his term contract.

There is no right to due process where there is no life, liberty, or property interest in play. *Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 548 (5th Cir. 1989). State law determines which state-created interests constitute property interests. *Bishop v. Wood,* 426 U.S. 341, 344–46, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). TEX. EDUC.CODE ANN. § 21.204(e) (Vernon 1996) clearly states that a teacher does not have a property interest in a contract beyond its term. Therefore, Whitaker was not entitled to constitutional due process protections with respect to the nonrenewal of his teaching contract. *See Stratton v. Austin Indep. Sch. Dist.,* 8 S.W.3d 26, 29 (Tex.App.—Austin 1999, no pet.). His contention that denial of his due process rights constituted arbitrary and capricious action by the board must fail.

The judgment of the trial court is affirmed.