# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-14-00629-CV

---

**Los Fresnos Consolidated Independent School District and
Michael L. Williams, Commissioner of Education, Appellants**

**v.**

**Jorge Vazquez, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
NO. D-1-GN-13-003654, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

---

## O P I N I O N

Los Fresnos Consolidated Independent School District and the Commissioner of Education appeal the district court's final judgment reversing the Commissioner's order upholding the School District's decision not to renew appellee Jorge Vazquez's term teaching contract. The School District's Board of Trustees conducted a hearing on their non-renewal recommendation, after which they voted to uphold the recommendation. Vazquez appealed to the Commissioner, who also upheld the non-renewal, concluding that substantial evidence supported the Board's decision. Vazquez filed a suit for judicial review, and the Travis County district court reversed the Commissioner's order, concluding that substantial evidence did not support the School District's non-renewal decision because of its reliance on hearsay in the form of written student statements submitted by the School District at the hearing. We will reverse the district court's judgment and render judgment affirming the Commissioner's order.

## BACKGROUND

Vazquez taught business and computer-related classes to ninth graders at a campus in the School District. He had a term contract for the 2012–2013 school year. He had taught at the same campus the previous year, during which he received two written warnings about his performance.[1] He received a third written warning during the 2012–2013 year.[2] The school's principal investigated this third complaint by interviewing students in Vazquez's class and speaking with Vazquez. In the course of the investigation, the principal became aware of other alleged instances of Vazquez's classroom behavior that caused him concern. He gathered student statements by asking open-ended questions of students selected randomly from the class roster, and he testified at the hearing that the students' statements corroborated one another. The School District's executive director for support services conducted an independent investigation after Vazquez filed a grievance in connection with the third written warning. She testified that the statements she independently obtained from randomly selected students were consistent with those obtained by the principal, and she determined that the third notice of warning was justified. Concerned about Vazquez's behavior, the principal and superintendent recommended to the Board non-renewal of

---

[1] The first warning issued after a parent complained that Vazquez had played an inappropriate movie in class. Vazquez admitted to playing a portion of the movie without prior authorization and without first viewing the film himself. The second warning issued after a parent complained about Vazquez's pretending to videotape a student during class as a disciplinary tool. Vazquez admitted to pretending to videotape the student.

[2] The third warning issued after several students complained about Vazquez's inappropriate comments in the classroom, including an incident during which Vazquez allegedly questioned a student in a humiliating way about the student's manner of dress, although the student was not in violation of the school's dress code. Vazquez admitted to speaking with the student about his attire but stated that he did so to prevent the student from being made fun of and did not think he spoke in a voice loud enough for other students to hear.

Vazquez's contract. The Board sent Vazquez notice of its proposed non-renewal, and Vazquez requested a closed hearing before the Board, pursuant to the School District's non-renewal policies. *See* Tex. Educ. Code § 21.207(a) (school board must provide hearing within 15 days of teacher's request after notice of proposed non-renewal, and hearing must be closed unless teacher requests open hearing).

The Board vice-president presided at the three-hour closed hearing and began by informing the parties that the hearing would be governed by the School District's non-renewal policies and that, consistent with the Education Code, the hearing was "not controlled by the Texas Rule[s] of Evidence." The School Board called three witnesses to testify—the principal, the executive director for support services, and the superintendent—and introduced twenty-four exhibits, including the student statements, which the Board admitted over Vazquez's hearsay objections,[3] and the written warnings. Vazquez was represented by counsel, who cross-examined each of the Board's witnesses. Vazquez also testified on his own behalf but did not call any witnesses of his own.

At the conclusion of the hearing, the Board voted to uphold the recommendation that Vazquez's contract be non-renewed. Vazquez appealed the Board's decision to the Commissioner, who decided that substantial evidence supported the Board's decision and affirmed the non-renewal. Vazquez then filed a suit for judicial review, in which the district court reversed the Commissioner's decision.

---

[3] The Board vice-president granted Vazquez a running objection on the basis of hearsay any time the School District's witnesses "start[ed] talking about what a student has told them either in writing or orally."

**DISCUSSION**

Appellants contend that the trial court erred in reversing the Commissioner's decision because it was supported by substantial evidence and its conclusions of law were not erroneous. *See* Tex. Educ. Code § 21.307(f); *see also Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 562 (Tex. 2000) (whether substantial evidence exists to support agency's determination is question of law); *Texas Emp't Comm'n v. Hays*, 360 S.W.2d 525, 527 (Tex. 1962) (for conclusions of law, Commissioner's reasoning is immaterial if conclusion reached is correct); *Board of Trs. of Emps. Ret. Sys. v. Benge*, 942 S.W.2d 742, 744 (Tex. App.—Austin 1997, writ denied) (court must uphold Commissioner's decision on any legal basis shown in record). Substantial-evidence review is a deferential standard requiring "only more than a mere scintilla" of evidence to support the decision. *Railroad Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792–93 (Tex. 1995). The ultimate test in the substantial-evidence review is whether reasonable minds could have reached the same conclusion as the Commissioner. *See Texas State Bd. of Dental Exam'rs v. Sizemore*, 759 S.W.2d 114, 116 (Tex. 1988).

Vazquez successfully argued to the trial court that the hearsay student statements could not constitute substantial evidence and that, without these statements, the Commissioner's decision upholding the Board's non-renewal decision was not supported by substantial evidence.[4]

---

[4] In his petition for judicial review and trial briefs, Vazquez did not challenge any particular findings of fact or conclusions of law; rather, he alleged generally that the Commissioner's decision was "not supported by substantial evidence and was arbitrary and capricious" because of its reliance on hearsay. *Cf. Hooks v. Texas Dep't of Water Res.*, 645 S.W.2d 874, 879 (Tex. App.—Austin 1983, writ ref'd n.r.e.) (to preserve error, party must designate with particularity both "the legal basis his contentions of error, [and] also the specific findings of fact about which he complained"); *see also San Benito Consol. Indep. Sch. Dist. v. McGinnis, Lochridge & Kilgore, L.L.P.*, No. 03-96-00643-CV,

He contends on appeal that hearsay is simply "not evidence at all" and may not, therefore, be considered in our substantial-evidence review. We disagree, for several reasons.

Firstly, we reject Vazquez's contention that hearsay is not "evidence"and cannot, therefore, constitute "substantial evidence." The current Texas Rules of Evidence contemplate that hearsay *is* evidence but reflect the policy that hearsay is generally not reliable enough to be *admitted* as evidence in proceedings to which the Rules apply. *See* Tex. R. Evid. 801–806. The facts that (1) there are numerous exceptions in the Rules to the general hearsay rule and (2) unobjected-to hearsay may not be denied probative value merely because it is hearsay, *id.*, R. 802, defy Vazquez's argument that hearsay is not evidence as a matter of law. We also note that there are various judicial hearings in which the Rules do not apply and in which, accordingly, even courts may properly consider hearsay. *See, e.g.*, *Granados v. State*, 85 S.W.3d 217, 227 (Tex. Crim. App. 2002) (Texas Rules of Evidence do not apply to suppression hearings, with exception of rules governing privileges); *Ex parte Prelow*, 929 S.W.2d 54, 56 (Tex. App.—San Antonio 1996, no writ) (Texas Rules of Evidence do not apply to bond-reduction hearing and, therefore, hearsay was admissible).

Secondly, the hearing was conducted by a school board, rather than a hearing examiner, and the statutory procedures requiring application of the Texas Rules of Evidence (including the hearsay rules) simply did not apply to this informal hearing. *See* Tex. Educ. Code

---

1997 WL 461912, at *3 (Tex. App.—Austin Aug. 14, 1997, no writ) (not designated for publication) (where party does not specifically attack any findings of fact or conclusions of law, party's general assertion that Commissioner's decision is not supported by substantial evidence "is impossible to evaluate"). While Vazquez did not challenge specific findings and conclusions, his complaint in essence challenged all of the findings and conclusions because of the improper admission of and reliance on the hearsay statements over his objections.

5

§§ 21.207(b) (requiring non-renewal hearing to be conducted in accordance with rules adopted by board unless board elected to use process established under Subchapter F, which process employs hearing examiners), .256(d) (for hearings before hearing examiner, Texas Rules of Evidence apply). It is undisputed that the District established its own non-renewal hearing rules, as contemplated by section 21.207(b), and these rules did not require that the Texas Rules of Evidence apply. *Cf. generally id.* §§ 21.251–.260 (outlining more specific statutory requirements for hearings before hearing examiners, including grant of subpoena powers on hearing examiner, application of Texas Rules of Evidence, and requirement that hearing be conducted in same manner as bench trial).

Vazquez has pointed to no other statute or court holding requiring school boards conducting non-renewal hearings to apply the Texas Rules of Evidence, and we have found none either. *See Whitaker v. Moses*, 40 S.W.3d 176, 178 n.3 (Tex. App.—Texarkana 2001, no pet.) ("Even though the Rules of Evidence and Civil Procedure do not apply to administrative hearings under the Texas Education Code, the hearings are in many ways similar to a civil trial" in that teachers are entitled to be represented by counsel, hear evidence against them, cross-examine adverse witnesses, and present evidence); *Wilson v. Board of Educ.*, 511 S.W.2d 551, 555–56 (Tex. Civ. App.—Fort Worth 1974, writ ref'd n.r.e.) (finding admission of hearsay evidence before school board did not warrant reversal because such board is not "confined to the niceties of a trial"); *see also School Bd. of Broward Cty., Fla. v. Department of Health, Educ., & Welfare*, 525 F.2d 900, 904–05 (5th Cir. 1976) (rejecting per se rule that hearsay evidence cannot constitute substantial evidence). Because the Texas Rules of Evidence (including the hearsay rules) did not apply to the hearing before the Board, the Board was free to admit and consider the written student statements

6

to the extent it was not arbitrary, unreasonable, or otherwise unlawful to do so. *See* Tex. Educ. Code § 21.303(a), (c) (if Board decided not to renew teacher's term contract, Commissioner may not substitute judgment for that of Board unless decision was arbitrary, capricious, or unlawful or is not supported by substantial evidence and may not reverse Board's decision based on procedural error by Board unless Commissioner determines that error was likely to have led to erroneous decision).

While he suggests otherwise, Vazquez does not demonstrate that the Board's consideration of the student statements was unlawful. He had no property interest in the renewal of his term contract and, therefore, was not due any particular minimum due process that would exclude consideration of the student statements.[5] *See* Tex. Educ. Code § 21.204(e) (teacher does not have property interest in contract beyond its term); *Stratton v. Austin Indep. Sch. Dist.*, 8 S.W.3d 26, 30 (Tex. App.—Austin 1999, no pet.) (agency's failure to follow its own procedural rules governing employment will not create property interest that does not otherwise exist, and section 21.204 explicitly states that teacher has no property interest in term contract); *see also Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 245 (Tex. App.—El Paso 2012, no pet.) (when teacher "does not have a constitutionally protected property interest in her position with the District . . . she is unable to establish a violation of due process"); *Whitaker*, 40 S.W.3d at 179 (holding that, because there is no right to due process where there is no life, liberty, or property interest at stake, Commissioner did not act arbitrarily in upholding teacher's non-renewal where board allegedly applied incorrect standard of proof). Because Vazquez had no property interest in the renewal of his term contract and

---

[5] Vazquez has not contended that the School District or its Board did not follow its own written policies in the conduct of the investigation or hearing.

no due-process rights in the non-renewal process, the Board's admission and consideration of hearsay could not have been improper for these reasons.

Nor does Vazquez demonstrate any other circumstances that would render the Board's reliance on the student statements unreasonable or otherwise unlawful. *See School Bd. of Broward*, 525 F.2d at 907 (factors such as whether parties had ability to procure testimony such as through subpoena power, whether witnesses had interest in controversy, and whether hearsay evidence was controverted are relevant in considering reliability and probative value of hearsay evidence admitted in administrative hearings in substantial-evidence review under Administrative Procedure Act); *Trapp v. Shell Oil Co.*, 198 S.W.2d 424, 440–41 (Tex. 1946) (noting that under substantial-evidence rule, "the trial court does not have to consider incredible, perjured or unreasonable testimony because such evidence is not substantial"); *see also* Tex. Gov't Code § 2001.081 (in hearings conducted under Administrative Procedure Act, Rules of Evidence apply, except that evidence inadmissible under those Rules may be admitted if it is (1) necessary to ascertain facts not reasonably susceptible of proof under those Rules, (2) not precluded by statute, and (3) of type on which reasonably prudent person commonly relies in conduct of affairs).

The record indicates that the student statements were taken as part of two independent investigations into the complaints against Vazquez, in which the investigators asked open-ended questions and randomly selected students from class rosters, and the statements corroborated one another. The identifiable students—over whom the Board had no subpoena powers—wrote their own statements and signed them. Vazquez could have asked the students to testify, had other students testify to rebut the statements, put on evidence concerning the motives or credibility of the

8

students, or otherwise demonstrated the falsity of the allegations. The superintendent testified that the consistency and specificity of the student statements convinced him that the non-renewal was justified. It was reasonable for the School District to rely on the student statements in conducting its investigation and making conclusions and recommendations based on those statements, and for the Board to admit them and consider them as evidence. On this record, it was not unreasonable for the Board to rely on the student statements. And especially in light of the statements, we hold that reasonable minds could have reached the same conclusion as the Commissioner in upholding the non-renewal of Vazquez's term contract. *See Sizemore*, 759 S.W.2d at 116.

For the foregoing reasons, we reverse the district court's judgment and render judgment affirming the Commissioner's final decision upholding the School District's non-renewal of Vazquez's term contract.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Reversed and Rendered

Filed:   December 30, 2015