# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-16-00308-CV

R. P., Appellant

v.

Texas Department of Family and Protective Services, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN-14-001845, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

R.P. appeals from a final judgment of the district court affirming an order from the Department of Family and Protective Services concluding that R.P. "neglected children" and directing that R.P.'s name be maintained in the Department's central registry as a person responsible for neglect of a child. *See* Tex. Fam. Code §§ 261.308-.309. Because we conclude that the order is supported by substantial evidence, we affirm the judgment of the district court.

## BACKGROUND

In January 2012, R.P. was a verified foster parent with Therapeutic Family Life, a child-placement agency, and had five foster children residing in her home. On January 2, the Department removed three of the children from R.P.'s home—siblings, ages three, nine, and ten. According to the social worker from the Department who conducted the removal, the siblings had resided with R.P. since September 2011, but the Department decided to remove the three children

so that they could be placed in another foster home with a fourth sibling, whom R.P. was not able to accommodate.

Soon after the children were removed and placed in a new foster home, the Department began to investigate whether R.P. had neglected the children while they were in her care. *See* Tex. Fam. Code § 261.401. At the conclusion of its investigation, the Department staff issued an investigative report and determined that R.P. had violated several of the Department's Minimum Standards. *See* 40 Tex. Admin. Code § 745.8559 (Dep't of Family & Protective Servs., What is neglect?). Based on its "summary finding" that R.P. had neglected the children, the Department placed her name on the Department's central registry for reported child abuse and neglect.[1]

Contesting the finding of neglect and the placement of her name on the registry, R.P. sought a "due process hearing" in accordance with Department administrative rules. *See* Tex. Fam. Code §§ 261.308-.309; 40 Tex. Admin. Code §§ 745.8831-.8855 (Dep't of Family & Protective Servs., Due Process Hearings). The Department referred the case to the State Office of Administrative Hearings, where a contested case hearing was held before an administrative law judge (ALJ). *See* 40 Tex. Admin. Code §§ 745.8843-.8845. Following the hearing, the ALJ issued a decision and order, upholding the decision of the Department. *Id*. § 745.8849 (providing that "ALJ

---

[1] When the Department makes a "summary finding" that it has "reason to believe" that an individual is a "designated perpetrator" of "abuse" or "neglect," *see* 40 Tex. Admin. Code §§ 700.511(a)(1) (Dep't of Family & Protective Servs., Disposition of the Allegations of Abuse or Neglect), .512(b)(2) (Conclusions about Roles), that individual's name is placed in the Department's central registry of reported child abuse and neglect. *See* Tex. Fam. Code § 261.002(a); 40 Tex. Admin. Code § 700.104 (Dep't of Family & Protective Servs., Child Abuse and Neglect Central Registry). Unless overturned, the individual's status as a "designated perpetrator" may be disclosed to third parties, such as licensed child-care facilities investigating the individual's background for prospective employment. *See* Tex. Hum. Res. Code § 42.0445; *see also* 40 Tex. Admin. Code § 745.615 (Dep't of Family & Protective Servs., On whom must I request background checks?).

may uphold, reverse, or alter [Department's] decision or action").  In relevant part, the ALJ found

the following facts:

> 2.    On or before January 2, 2012, [R.P.] failed to supervise children in her care in accordance with their individual service plans and the Department Minimum Standards, and as a result, the children engaged in sexual acts.
>
> 3.    Prior to January 2012, [R.P.] permitted an unqualified caregiver to supervise the children and while in her care, the children were improperly disciplined when they were forced to sit on their knees with their hands in the air.
>
> 4.    [R.P.] frequently left the children home alone without adult supervision or in the care of Child 6, an unpermitted caregiver.
>
> 5.    Child 6 spanked Child 3 with a belt that left bruises on his body.

Based on these underlying facts, the ALJ concluded that:

> 7.    The evidence was sufficient to show that [R.P.] neglected children.  Tex. Fam. Code § 261.401(a)(3) and 40 Tex. Admin. Code § 745.8559.
>
> 8.    The Department shall maintain [R.P.'s] name in its Central Registry in reference to the neglect of a child.  40 Tex. Admin. Code § 745.8849.

R.P. subsequently sought judicial review of the ALJ's order in district court.  *See id.* §§ 745.8845

(providing that due-process hearing is governed, in part, by chapter 2001 of the Texas Government

Code), .8849 (providing that Department will follow decision of ALJ).  The district court affirmed

the order, finding that it was supported by substantial evidence.

In four issues on appeal, R.P. complains about the ALJ's admission of certain

evidence and the effect of that evidence on the ALJ's order and decision.  Specifically, in her first

and second issues, R.P. contends that the ALJ improperly admitted hearsay evidence, including out-

3

of-court statements made by the children, and that the admission of this evidence resulted in an improper order and deprived her of constitutionally protected "liberty and property interests" and of "her fundamental due process right to confront witnesses." In her third and fourth issues, R.P. asserts that upon considering only properly admitted evidence, the decision and order is "not reasonably supported by substantial evidence" and "is arbitrary and capricious, characterized by an abuse of direction and a clearly unwarranted exercise in discretion."

## STANDARD OF REVIEW

Our review of the Department's order is governed by the substantial-evidence standard found in chapter 2001 of the Texas Government Code, the Texas Administrative Procedure Act (APA). *See* Tex. Gov't Code § 2001.174; 40 Tex. Admin. Code § 745.8845. Under this standard, we must reverse and remand an agency decision if it prejudices substantial rights because its findings, inferences, conclusions, or decisions (1) violate a constitutional or statutory provision; (2) exceed statutory authority; (3) were made through unlawful procedure; (4) were affected by other error of law; (5) are not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (6) are arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. Tex. Gov't Code § 2001.174.

Substantial-evidence review is essentially a rational-basis test to determine, as a matter of law, whether an agency's order finds reasonable support in the record. *Employees Ret. Sys. of Tex. v. Garcia*, 454 S.W.3d 121, 132 (Tex. App.—Austin 2014, pet. denied) (citing *Texas Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 453 (Tex. 1984)). "The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists

4

in the record for the action taken by the agency." *Charter Med.-Dallas*, 665 S.W.2d at 452. We presume that the agency's findings, inferences, conclusions, and decisions are supported by substantial evidence, and the burden is on the party challenging the order to demonstrate otherwise. *Slay v. Texas Comm'n on Envtl. Quality*, 351 S.W.3d 532, 549 (Tex. App.—Austin 2011, pet. denied).

Substantial-evidence analysis entails two inquiries: (1) whether the agency made findings of underlying facts that logically support the ultimate facts and legal conclusions establishing the legal authority for the agency's decision or action and, in turn, (2) whether the findings of underlying fact are reasonably supported by evidence. *See Vista Med. Ctr. Hosp. v. Texas Mut. Ins. Co.*, 416 S.W.3d 11, 26-27 (Tex. App.—Austin 2013, no pet.) (citing *Charter Med.-Dallas*, 665 S.W.2d at 453); *Texas State Bd. of Pharmacy v. Seely*, 764 S.W.2d 806, 813 (Tex. App.—Austin 1988, writ denied). The second inquiry, which has been termed the "crux" of the substantial-evidence review, is highly deferential to the agency's determination. *Garcia*, 454 S.W.3d at 132. "[S]ubstantial evidence" in this sense "does not mean a large or considerable amount of evidence"—in fact, the evidence may even preponderate against the agency's finding—but requires only "such relevant evidence as a reasonable mind might accept as adequate to support a [finding] of fact." *Id*. (citing *Slay*, 351 S.W.3d at 549). The fact-finder, the ALJ here, determines the credibility of the witnesses and the weight to give their testimony, *see Granek v. Texas State Bd. of Med. Exam'rs*, 172 S.W.3d 761, 778 (Tex. App.—Austin 2005, no pet.), and we "may not substitute [our] judgment for the judgment of the state agency on the weight of the evidence on question committed to agency discretion," Tex. Gov't Code § 2001.174(1). In contrast, the first inquiry, concerning the extent to which the underlying facts found by the agency logically support its ultimate decision or action, may entail questions of law that we review de novo. *Garcia*, 454 S.W.3d at 133;

5

*see Railroad Comm'n of Tex. v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011).

## ANALYSIS

The propriety of the ALJ's decision to admit certain evidence at the administrative hearing is central to all of R.P.'s issues on appeal. Prior to the contested-case hearing on her petition, R.P. filed a motion to exclude portions of the Department's investigative report. According to the report, the investigation was initiated upon receiving a report that a child in R.P.'s care had sexually acted out against another child in the home. The report was authored by Sherri White, a residential child care investigator for the Department. Generally, the report summarized White's interviews with R.P., T.E. (a caregiver employed by R.P.), the children that were removed, a fourth child residing in the R.P. home with the children, and other caseworkers for the Department who were generally familiar with R.P.'s foster home. In her motion to exclude, R.P. objected to the investigative report as hearsay to the extent it recited the substance of these interviews. R.P. provided the ALJ and the Department with a highlighted copy of the report indicating the specific statements in the report that she sought to exclude. *See* Tex. R. Evid. 801. In response, the Department asserted that the report was admissible under rule 803(8) of the Texas Rules of Evidence and under section 2001.081 of the Texas Government Code. Following a hearing on the motion to exclude, the ALJ overruled R.P.'s hearsay objections to the report.

At the subsequent hearing on the merits, the Department presented the testimony of Rebecca Adams, the Department social worker who conducted the removal, and the testimony of investigator White. During White's testimony, R.P. re-urged her objection to the Department's

6

introduction of the un-redacted investigative report and also objected to the Department's introduction of oral recordings of the children's interviews with White. In addition, R.P. objected to the testimony of Adams and White when each was asked to recount conversations that they had with children concerning the children's care in the R.P. home and the allegations of inappropriate sexual conduct by one of the children. The ALJ overruled R.P.'s objections, admitted the evidence, and informed the parties that she would later "determine the weight, if any" to give the evidence.

The hearing before the ALJ was governed by the Texas Administrative Procedure Act. 40 Tex. Admin. Code § 745.8845. The APA provides that "the rules of evidence as applied in a nonjury civil case in district court in this state" apply to the adjudication of contested cases. *See* Tex. Gov't Code § 2001.081. On appeal, R.P. asserts that the trial court abused its discretion in admitting the objected-to evidence because it constitutes hearsay under rule 801 of the Texas Rules of Evidence. *See* Tex. R. Evid. 801(d) (defining "hearsay" as "a statement that the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in that statement"); *see also id*. R. 802 (providing that hearsay evidence is not admissible unless provided by "a statute, [the rules of evidence], or other rules prescribed under statutory authority").

In response, the Department asserts that the evidence is admissible under certain exceptions to the hearsay rule. First, the Department asserts that the investigation report was properly admitted under the public-records exception, rule 803(8) of the Texas Rules of Evidence. Second, the Department asserts that even if the objected-to evidence is inadmissible hearsay under the Rules of Evidence, the ALJ properly admitted the evidence under section 2001.081(1)-(3) of the APA because the evidence is necessary in order to prove neglect of young foster children where

"the opportunity for direct observation by others, interested or otherwise in the outcome of the case, is extremely limited at best and non-existent at worst."[2]

We need not first decide whether the ALJ abused her discretion in admitting the objected-to evidence; instead we begin our analysis of R.P.'s issues on appeal by determining whether any error in the ALJ's admission of the objected-to evidence would be reversible error. *See City of Amarillo v. Railroad Comm'n*, 894 S.W.2d 491, 495 (Tex. App.—Austin 1995, writ denied) (explaining that courts review agency rulings on admission or exclusion of evidence to determine whether agency abused its discretion and whether any error was reversible). We will not reverse an administrative order based on the admission or exclusion of evidence, unless the appellant establishes that error was so injurious or prejudicial that it constitutes reversible error. *See id.*; *see also* Tex. Gov't Code § 2001.174(2); Tex. R. App. P. 44.1. That is, we will not reverse an administrative order based on the erroneous admission of evidence if, after disregarding that evidence, there is sufficient competent evidence to support the agency's findings of fact and conclusions of law. Here, assuming without deciding that the ALJ erred in admitting the objected-to

---

[2] Under this provision, evidence that is inadmissible under [the rules of evidence] may be admitted if the evidence is:

   (1)   necessary to ascertain facts not reasonably susceptible of proof under those rules;

   (2)   not precluded by statute; and

   (3)   of a type on which a reasonably prudent person commonly relies in the conduct of the person's affairs.

Tex. Gov't Code § 2001.081(1)-(3).

evidence and reviewing only the remainder of the evidence in the record, we consider whether the

ALJ's order is supported by substantial evidence.[3]

The Department's order rests upon the ultimate finding and conclusion that R.P.

neglected children, based on the definition of "neglect" in section 261.401(a)(3) of the Family Code.

Section 261.401(a)(3) defines neglect as:

> a negligent act or omission by an employee, volunteer, or other individual working under the auspices of a facility or program, including failure to comply with an individual treatment plan, plan of care, or individualized service plan, that causes or may cause substantial emotional harm or physical injury to, or the death of, a child served by the facility or program as further described by rules or policy.

Tex. Fam. Code § 261.401(a)(3). Similarly, the Department has further defined "neglect" by rule

as an "act or omission that is a breach of duty by a person working under the auspices of an operation

that causes or may cause substantial physical injury to a child." 40 Tex. Admin. Code § 745.8559.

At the hearing before the ALJ, the Department presented two witnesses—social

worker Adams and investigator White. Generally, Adams testified about the circumstances

surrounding her removal of the children from R.P.'s home on January 2, 2012. According to Adams,

she questioned R.P. that day about allegations of an incident involving inappropriate sexual conduct

by one of the children. Adams testified that R.P. told her that she had just found out about the

---

[3] In its brief, the Department argues that there is substantial evidence in the record to support the administrative order because, once the requirements of section 2001.081 are satisfied, the properly admitted hearsay is considered probative evidence of neglect. *See Los Fresnos Consol. Indep. Sch. Dist. v. Vazquez*, 481 S.W.3d 742, 745 (Tex. App.—Austin 2015, no pet.). The Department does not assert, however, that there is probative evidence to support its order in the absence of the objected-to hearsay. However, we must presume that the Department's decision is supported by substantial evidence, and R.P. has the burden of overcoming that presumption. *Slay v. Texas Comm'n on Envtl. Quality*, 351 S.W.3d 532, 549 (Tex. App.—Austin 2011, pet. denied). As a result, we will examine the administrative record to determine if R.P. has met this burden.

incident from caregiver T.E. the day before, even though the incident had happened "a week or so back," and that she had not yet filed an incident report. Adams explained that such allegations of sexual abuse are considered significant and should be immediately reported to the Department hotline.

Investigator White primarily testified to the circumstances leading to her investigative report and, over R.P.'s objections, to the contents of the report. In part, White testified that she had reviewed the case files for the R.P. foster home and found that no background check request had ever been received for T.E., making her an unapproved caregiver. White opined that R.P. violated Minimum Standards by allowing the children to be supervised by T.E. without a satisfactory background check and that this was one of the reasons she had concluded that "neglectful supervision" of the children had occurred. White also testified that she had reviewed the case files for the R.P. foster home and discovered that there was nothing in the file indicating that R.P. or anyone else from Therapeutic Family Life had ever made any type of serious-incident report to the Department regarding any incident of child-on-child sexual abuse. White testified that the child that had committed the alleged abuse was still in R.P.'s home and that R.P.'s failure to report the serious incident, standing alone, constitutes a violation of Minimum Standards and is "neglectful activity."

With respect to the finding that R.P. "permitted an unqualified caregiver, [T.E.], to supervise the children" and the finding that R.P. "failed to supervise children in her care in accordance with their individual service plans and Department Minimum Standards," we conclude that these factual findings are supported by competent, substantial evidence. These findings logically support the ALJ's conclusion of law that R.P. is a designated perpetrator of "neglect," as that term is defined in section 261.401(a)(3) of the Family Code. *See* Tex. Fam. Code § 261.401(a)(3).

Therefore, even without considering the objected-to evidence, we conclude that there is substantial evidence to support the legal conclusion that R.P. neglected the children such that her name should be maintained in the Department's Central Registry.[4]  As a result, any error committed by the ALJ in admitting the objected-to evidence did not prejudice R.P.'s substantial rights and cannot serve as a basis for reversing the ALJ's order.  *See* Tex. Gov't Code § 2001.174(2); Tex. R. App. P. 44.1. We overrule all of R.P.'s issues on appeal.[5]

## CONCLUSION

We affirm the district court's judgment affirming the order and decision of the ALJ and the Department.  *See* Tex. Gov't Code § 2001.174(1).

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   January 13, 2017

---

[4]  We need not decide whether the remaining findings of underlying fact are supported by substantial evidence when the objected-to evidence is disregarded or whether these underlying findings would logically support the ALJ's ultimate facts and legal conclusions.  *See* Tex. R. App. P. 47.1.

[5]  Although R.P. frames her arguments as four separate issues on appeal, all of her issues ultimately concern the propriety of the trial court's admission of the objected-to evidence, and under the substantial-evidence standard of review, all of her issues require her to show that her substantial rights have been prejudiced.  *See* Tex. Gov't Code § 2001.174(2).